**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TREMAIN DION CAMPBELL,

Petitioner - Appellee,

v.

TIM V. VIRGA, Warden,

Respondent - Appellant.

No. 14-56756

D.C. No. 2:10-cv-01698-JGB-JCG

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted July 6, 2015
Pasadena, California

Before: FERNANDEZ and CLIFTON, Circuit Judges and MUELLER,** District
Judge.

Warden Virga appeals the judgment of the district court granting a writ of

habeas corpus for petitioner Tremain Dion Campbell. We reverse.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Kimberly J. Mueller, District Judge for the U.S.
District Court for the Eastern District of California, sitting by designation.

Campbell contends that AEDPA deference should not apply here and that we should review de novo because the last reasoned decision by the California Supreme Court, rejecting his petition for relief, was not a decision on the merits. It, rather, was based on a procedural failure that the warden has not cited and has thus waived in this federal proceeding. The warden disagrees. We need not resolve that issue as Campbell's claim fails even under de novo review.

When a defendant seeks to represent himself at trial, he must "knowingly and intelligently" waive the right to counsel, aware "of the dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975). A trial court need not follow an exact script, but the defendant must be informed of "'1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation.'" *United States v. Hantzis*, 625 F.3d 575, 579–80 (9th Cir. 2010) (quoting *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004)).

There is no dispute that Campbell was informed of both the nature of the charges and the dangers of self-representation. Campbell argues, however, that he was not properly informed of the range of possible penalties he faced. The trial court told him, based on information received from the prosecutor, that he faced 50 years to life, emphasizing that Campbell could be spending the rest of his life in

prison. Following his conviction, Campbell was actually sentenced to 70 years to life. He contends that the correct statutory maximum sentence at the time of the dialogue was 96 years to life. Thus, he argues that the trial court misstated the lower end of the potential maximum punishment range.

The Supreme Court has established that a defendant must have a "general understanding" of the possible penalties before waiving counsel. *Arrendondo v. Neven*, 763 F.3d 1122, 1130 (9th Cir. 2014). A precise understanding of the exact range of potential sentences has not been required, however. Under the circumstances here, we conclude that Campbell was sufficiently informed of the possible penalties to make his waiver of the right to counsel knowing and intelligent. He was informed of the risk when the trial court bluntly told him that he was "looking at [the] whole rest of [his] life in state prison." That is what he needed to know to make a knowing decision to waive counsel, and he made that decision intelligently, if not wisely, in possession of that knowledge.

This case is unlike *United States v. Forrester*, 512 F.3d 500, 505 (9th Cir. 2007), where the trial court misinformed the defendant of both the potential maximum and a mandatory minimum. It is also unlike *United States v. Erskine*, 355 F.3d 1161, 1164–65 (9th Cir. 2004), where the defendant stated that he thought the maximum sentence was one year when in actuality it was five years.

In contrast, Campbell knew he was facing the possibility of life in prison, and the sentence imposed on him after he was convicted was within the range described to him at the time he waived his right to counsel.  He had the information needed to make his decision "with eyes open." *Erskine*, 355 F.3d at 1169 (citing *Faretta*, 422 U.S. at 835).

We reverse the district court's grant of the writ.

**REVERSED**.